UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY Q. KEEL,

    Petitioner,

v.                                              Case No. 4:18-cv-428-RH/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the court on referral from the clerk. On September 13, 2018, the court ordered Petitioner to file, within 30 days, an amended habeas corpus petition on the § 2254 form accompanied by either the $5.00 filing fee or an application to proceed *in forma pauperis*. (Doc. 3). Petitioner was provided the necessary forms and was warned that failure to timely comply with the order might result in dismissal of this case. (*Id*.). Petitioner has not complied with the order and has not responded to the March 5, 2019, order (Doc. 5) requiring him to show cause, within 14 days, why this case should not be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with a court order.[1]

2. The clerk of the court be directed to close the file.

At Panama City, Florida, this <u>8th</u> day of April 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"); *see also* N.D. Fla. Loc. R. 5.7(A) (requiring parties not represented by an attorney to use the court form for filing a habeas corpus petition); N.D. Fla. Loc. R. 5.3 (requiring parties who file a civil case to simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, using the court form).